[Cite as *State v. Hurrell*, 2017-Ohio-486.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                        Court of Appeals No. OT-16-012

　　　　Appellee                                  Trial Court No. CRB 1401505 A

v.

George L. Hurrell, III                          **DECISION AND JUDGMENT**

　　　　Appellant                                Decided:　February 10, 2017

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
David R. Boldt, Assistant Prosecuting Attorney, for appellee.

Michael W. Sandwisch, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 9, 2016 judgment of the Ottawa County

Municipal Court, denying appellant's post-sentence motion to withdraw a no contest

plea, filed pursuant to Crim.R. 32.1.  For the reasons set forth below, this court affirms

the judgment of the trial court.

{¶ 2} Appellant, George L. Hurrell III, sets forth the following sole assignment of error:

1. The Trial Court erred to the prejudice of the Defendant/Appellant in denying the Defendant/Appellant's Motion to Withdraw his Plea of No Contest.

{¶ 3} The following undisputed facts are relevant to this appeal. On December 1, 2014, appellant pled no contest pursuant to a voluntarily negotiated plea agreement to one count of domestic violence, in violation of R.C. 29 19.25(A), a misdemeanor of the first degree. In exchange, a second pending count of domestic violence and one count of menacing, were both dismissed. The matter was referred to the probation department for a presentence investigation.

{¶ 4} The record reflects that the trial court change of plea hearing lasted nearly three hours in this case involving one misdemeanor conviction. The record further reflects that the exceptionally lengthy duration of the change of plea hearing stemmed from appellant positing to the trial court and to counsel for appellant throughout the hearing an exhaustive series of specific, detailed, and articulate questions. Appellant's multitude of questions elicited thorough responsive explanations, often leading to additional follow up, clarification questions by appellant.

{¶ 5} The transcript of the change of plea colloquy clearly reflects that appellant obtained a complete understanding of the proceedings occurring and the results associated with the proceedings. The record further reflects that both the trial court and

counsel for appellant were fully accommodating throughout the hearing, going to great lengths to answer to the satisfaction of appellant the series of acutely reasoned questions presented to them.

{¶ 6} Consistent with the above, the record shows appellant to be a highly educated, well trained civil engineer, who is intelligent and inquisitive. The record is devoid of any evidence that appellant lacked the requisite information and understanding necessary to ensure the propriety of the change of plea colloquy.

{¶ 7} On December 22, 2014, appellant was sentenced to a six-month term of incarceration, with credit given for time served. In addition, the record reflects that on March 11, 2015, appellant was released early and placed on probation, with the remaining 42 days of the sentence suspended.

{¶ 8} Notably, the record reflects that appellant did not file a direct appeal. On the contrary, the record reflects that appellant secured an early release, completed probation, and was successfully terminated from probation in March of 2016.

{¶ 9} The record shows that appellant's family retained a licensed psychologist from Columbus to perform an additional evaluation of appellant. The record reflects that the psychologist did not conduct the evaluation or submit a written report to the trial court prior to appellant's sentencing.

{¶ 10} On January 20, 2015, one month after appellant was sentenced, the psychological evaluation report arranged by appellant's family was submitted to the trial

3.

court. It found appellant to suffer from anxiety and bipolar disorder. It did not find appellant to be legally incompetent.

{¶ 11} On December 15, 2015, over a year after appellant's voluntary change of plea, sentencing, submission of the report by appellant's retained psychologist, and the granting of early release by the trial court, appellant filed a motion to withdraw the 2014 no contest plea.

{¶ 12} On January 13, 2016, the trial court conducted a hearing on the post-sentence withdraw of motion. On March 9, 2016, the trial court denied the motion. Following an in-depth hearing, the trial court subsequently concluded in relevant part, "[T]he Defendant has failed to show prejudice. He has failed to present more evidence than his self-serving statements * * * Finally, the doctrine of *res judicata* bars the defendant from raising these claims under Crim.R. 32.1 because they could have been raised, but were not, in a direct appeal." This appeal ensued.

{¶ 13} In the sole assignment of error, appellant contends that the trial court erred in denying appellant's motion to withdraw. We do not concur.

{¶ 14} It is well-established that there is a considerable burden of proof to satisfy to warrant the extreme remedy of a post-sentence withdrawal of plea. A post-sentence withdrawal of plea is only properly permitted when necessary to correct extraordinary cases of manifest injustice. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992).

{¶ 15} Contrary to showing any manifest injustice, the record of evidence in this case reflects that both counsel for appellant and the trial court engaged in exceptionally

4.

lengthy and detailed discourse with appellant throughout the course of this case. These exchanges demonstrated appellant to possess clear intellect, knowledge, and understanding of the proceedings.

{¶ 16} In addition, the record reflects that appellant did not file a direct appeal, was released early by the trial court, successfully completed probation, and sustained no legal prejudice in this matter. Appellant's assignment of error is found not well-taken.

{¶ 17} Wherefore, we find that substantial justice has been done in this matter. The judgment of the Ottawa County Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                _____
                                            JUDGE

Thomas J. Osowik, J.                  
                                      _____

James D. Jensen, P.J.                  JUDGE
CONCUR.

                                           _____
                                            JUDGE

5.